This appeal is taken by defendant-appellant Oral Dennis Slaven ("Slaven") from a judgment of the Court of Common Pleas of Union County sentencing him in total to five years in prison.
On May 15, 1997, Slaven was convicted of gross sexual imposition. Slaven was placed on post release control on February 5, 1998. On August 28, 1998, the Union County Grand Jury indicted Slaven on one count of escape and one count of failure to give notice of change of address. Slaven entered a plea of not guilty to the charges on September 21, 1998. On October 23, 1998, Slaven moved to dismiss the escape charge. This motion was overruled. On December 18, 1998, Slaven entered a plea of guilty pursuant to a plea agreement. The trial court then sentenced Slaven to four years for the escape and one year for the failure to notify the sheriff of his change of address. The trial court ordered that the sentences be served consecutively. It is from this judgment that Slaven appeals.
Slaven raises the following assignments of error.
 The trial court abused its discretion when it refused to accept Slaven's plea of no contest.
 The trial court erred when, in refusing to accept Slaven's no contest plea, it alluded to Slaven [that] he could still raise his issues on appeal with a change of plea to guilty, which resulted in a plea that was not knowingly, intelligently or voluntarily made.
 The trial court erred, as a matter of law, when it overruled Slaven's motion to dismiss.
 The trial court erred when it imposed a four year sentence on the escape charge and a one year sentence on the failure to report change, to run consecutively, thereby increasing Slaven's penalty 500% from his underlying crime.
The first and second assignments of error allege that the trial court erred by refusing to accept a no contest plea and that this caused the guilty plea to be involuntary. "A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest." Crim.R. 11(A). The decision to accept or reject a plea of no contest is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Jenkins (1984), 15 Ohio St.3d 164,222-223, 473 N.E.2d 264, 314.
Here, Slaven argues that the trial court abused its discretion when it refused to permit him to enter a no contest plea. Slaven claims that the trial court did not want to accept the plea because it did not want to leave issues for the appellate court to resolve. Although the trial court did not want to take the no contest plea, the trial court specifically stated that it would take the no contest plea that day.
 The Court: All right. If you want to do a no contest plea, and we wind it up here today, that's one thing. If you don't want to do that, then we're done at this point. We'll go on to trial.
 Mr. Schneider: I think the Judge is saying, he'll take a no contest today only. Is that correct, your honor?
 The Court: That's right.
Oct. 23 Tr. 11. At the hearing on December 18, 1998, Slaven entered a guilty plea. He did not request to enter a plea of no contest.
 Mr. Merklin: * * * And we would be entering guilty pleas today.
 The Court: May I discuss this with your client?
 Mr. Merklin: Yes, sir.
 The Court: Mr. Slaven, do you understand then you would be withdrawing your form (sic) plea of not guilty, and entering a plea of guilty to the offenses of escape, in violation of Ohio Revised Code Section 2921.34, which is a felony of the third degree, and failure to give notice of change of address, in violation of Ohio Revised Code Section 2950.05, which is a felony of the fifth degree?
 The Defendant: Yes, your Honor.
 * * *
 The Court: And do you understand that by changing your plea to guilty you're waiving certain statutory and constitutional rights? * * * You have a right that if you're convicted at trial to appeal to the Third Appellate District Court of Appeals in Lima, Ohio, and you have a right to a full transcript of the proceeding. If you can't afford a transcript, one would be provided for you at no charge to yourself. You have a right to have a lawyer at every stage of the proceedings, and if you can't afford a lawyer, one would be provided for you at no charge to yourself. Do you understand these rights, and that you're waiving these rights?
 The Defendant: Yes, sir.
 * * *
 The Court: Okay. The Court finds that you have made — you understand what you're doing, and that you're getting ready to make this plea of guilty and waiver of rights voluntarily. I have before me an entry which withdraws your plea of not guilty, enters a plea of guilty to the charges, and refers you for presentence investigation, and a waiver of your rights, constitutional and statutory rights. It's purported to be signed by, and it looks like Oral Slaven. Is that you, and did you sign it?
 The Defendant: Yes. It is very erratic.
 The Court: Is Oral Slaven one and the same as Oral Dennis Slaven?
 The Defendant: Yes.
 The Court: Okay. The Court accepts the same, orders the same filed. I'll refer you for presentence investigation.
Dec. 18 Tr. 3-13. Based upon the totality of the circumstances, the trial court did not refuse to accept a no contest plea. Slaven did not attempt to enter one. Further, the trial court completely complied with Criminal Rule 11. Slaven was informed of his rights and that entering a guilty plea would waive most of those rights. After questioning Slaven concerning his wishes, the trial court found that the guilty plea was knowingly, intelligently and voluntarily being made. The record of the sentencing hearing clearly supports this finding. Thus, the first and second assignments of error are overruled.
In the third assignment of error, Slaven claims the trial court erred by overruling his motion to dismiss. Slaven moved to dismiss the escape charge because the statute changed while he was on post release control. When Slaven was released from prison, a person subject to post release control could not be charged with escape because that person was not considered to be in custody. R.C. 2967.15(C)(2). This statute was amended on March 17, 1998, to read in pertinent part:
 (2) A person who is under transitional control or who is under any form of authorized release under the supervision of the adult parole authority is considered to be in custody while under the transitional control or on release, and, if the person absconds from supervision, the person may be prosecuted for the offense of escape.
R.C. 2967.15(C)(2). Slaven committed his offense on or about April 6, 1998, after the effective date of the amendment. Thus, Slaven is subject to the provisions of the statute and can be charged with escape while on post release control. The third assignment of error is overruled.
The fourth assignment of error argues that the trial court erred by imposing a five-year sentence. In this case, Slaven was sentenced to four years on the escape conviction and one year on the failure to notify conviction. The trial court ordered that the sentences be served consecutively. In State v. Martin (June 23, 1999), Marion App. No. 3-98-31, unreported, we analyzed the Ohio felony sentencing statutes, the means for their fulfillment by the trial court, and the standard for appellate review of such sentences. There, we held that it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14 and 2929.19
which, in effect determine a particular sentence and that a sentence unsupported by those findings is both incomplete and invalid. Further, we concluded that such findings must be made on the record at the sentencing hearing and a mere recitation by the trial court that "it has considered the matters required by the sentencing statutes" will not suffice.
In this case, the trial court stated that it had considered the factors required by the statutes. The trial court then proceeded to impose consecutive sentences on Slaven. However, the trial court failed to state its findings and its reasons for the consecutive sentences on the record. Without those findings, the sentence is in complete and invalid. For this reason, the fourth assignment of error is sustained.
The judgment of the Court of Common Pleas of Union County is affirmed in part and reversed in part. The cause is remanded for further proceedings in accord with this opinion.
Judgment affirmed in part And reversed in part and Causeremanded.
SHAW and HADLEY, JJ., concur.